Dear Senator Hollis:
You have requested an opinion from the Attorney General concerning the following issue:
 Is it a legal requirement to call a roll call vote prior to all votes during meetings of the Board of Directors for State Group Benefits, even when there is no objection to a proposal?
The State Employees Group Benefits Program is established by LSA-R.S. 42:871 et seq. The Board of Trustees (which this writer will assume is the same entity as the Board of Directors at issue in the opinion request) is created within the Department of Treasury. LSA-R.S. 42:871 (A).
Meetings of the Board of Trustees (the Board) are subject to LSA-R.S. 42:873 (c), which reads:
 Regular meetings of the board shall be held monthly at the time and place determined by the board; however, the chairman or a majority of the board, upon giving notice to each member, may call special meetings or cancel regular meetings. Meetings of the board shall be conducted in accordance with Roberts Rules of Order, unless the board prescribes a different procedure. All meetings and hearings of the board shall be open to the public.
As an entity established within the Department of the Treasury, the Board is a public body for the purposes of the open meetings laws, LSA-R.S. 42:4.1 et seq. LSA-R.S. 42:5 mandates:
 A. Every meeting of any public body shall be open to the public unless closed pursuant to R.S. 42:6, R.S. 42:6.1, or R.S. 42:6.2.
 B. Each public body shall be prohibited from utilizing any manner of proxy voting procedure, secret balloting, or any other means to circumvent the intent of R.S. 42:4.1 through R.S. 42:8.
 C. All votes made by members of a public body shall be viva voce and shall be recorded in the minutes, journal, or other official, written proceedings of the body, which shall be a public document.
LSA-R.S. 42:873 (c), cited above mandates that Robert's Rules of Order controls in the conduct of the Board's meetings unless the Board adopts another procedure.
A roll call vote is discussed in Robert's Rules of Order (9th Edition), pp. 412-413, as having "the effect of placing on the record how each member or, sometimes, each delegation, votes; therefore, it has exactly the opposite effect of a ballot vote. It is usually confined to representative bodies, where the proceedings are published, since it enables constituents to know how their representatives voted on certain measures." A roll call vote is usually accomplished by the yeas or nays of each member individually.
Voting viva voce means that a vote on a motion is taken by voice. A vote by voice is the usual method of voting on any motion that does not require more than a majority vote for its adoption and the chair normally puts the question by first restating the motion and then asking the body as a whole, `as many as are in favor of the motion, say aye', pausing for a response, then asking, `those opposed, say no'. Robert's Rules of Order, pp. 44-45.
LSA-R.S. 42:872 mandates the composition of the Board at thirteen (13) members, of these thirteen members, eight (8) are elected from their representative departments, programs, or systems. This characteristic places it, at least in part, under the auspices of a representative body. However, nothing requires that a representative body vote by roll call vote.
LSA-R.S. 42:6 requires the vote of each member, on a motion for executive session, to be recorded and entered into the minutes. Additionally, LSA-R.S. 42:7.1 (A)(3) mandates a record of any votes taken by individual members but only when specifically requested by a member of a public body. Notwithstanding these exceptions, it is the opinion of this office that the Board may vote by viva voce on all proposals requiring a vote unless the Board specifies differently.
Note that should the chair be in doubt on a voice vote, he should retake the vote by rising vote. Robert's Rules, p. 404. Moreover, should any member of the Board who doubts the result may demand verification of the vote by a "division" which means that the votes must be retaken by a rising vote.
Finally, please be aware that the Board is empowered to prescribe a different procedure from those outlined in Robert's Rules of Order pursuant to LSA-R.S. 42:873 (c).
I trust this addresses your concerns. Please contact this office if you need further assistance.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ CARLOS M. FINALET, III Assistant Attorney General
RPI:CMF:glb